UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRY JOHNSON,<br><br>    Plaintiff<br><br>v.<br><br>BRAD BEAL, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00132-RCJ-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1, 4 |

   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

   Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). He has also filed a motion for appointment of counsel. (ECF No. 4.)

   Plaintiff's complaint names One Nevada Credit Union and its President/CEO Brad Beal, as well as its Administrative Service Specialist John Scharfenberg.

   Plaintiff alleges that Brad Beal failed to safeguard and secure Plaintiff's checking account by allowing illegal activity to occur because someone was allowed to access Plaintiff's account without his authorization. He avers that John Scharfenberg was aware of ongoing fraud to Plaintiff's account and failed to stop or recover funds that were transferred into another One Nevada Credit Union account. Plaintiff alleges that funds from his account were transferred to another One Nevada Credit Union account during the months of April 2013 through June of 2016. He asserts claims for fraud and exploitation of an older/vulnerable person.

   Plaintiff states that the basis for jurisdiction is diversity of citizenship, but then alleges that he is a citizen of the State of Nevada, and each of the Defendants resides in Nevada. (ECF

No. 1-1 at 2-3.)  The law grants federal courts jurisdiction in cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). This requires complete diversity of citizenship. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Weeping Hollow Avenue Trust v. Spencer* (9th Cir. Aug. 2, 2016). Diversity jurisdiction does not exist here.

Plaintiff does not include any cognizable federal claims that would otherwise confer jurisdiction in the federal court. As such, Plaintiff's complaint should be dismissed without prejudice so that he may bring his action in State court, and the federal court action should be administratively closed. Plaintiff's IFP application and motion for appointment of counsel should be denied as moot.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DISMISSING** this action **WITHOUT PREJUDICE**, so that Plaintiff may bring his action in State court, and **ADMINISTRATIVELY CLOSING** this federal case;

(2) **DENYING AS MOOT** Plaintiff's IFP application (ECF No. 1) and motion for appointment of counsel (ECF No. 4).

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 6, 2022

_____
Craig S. Denney
United States Magistrate Judge